UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re                                  :      Chapter 7
                                       :
RONALD S. LOPES,                       :      Case No. 14-45888 (NHL)
                                       :
                          Debtor.      :
-------------------------------------------------------x

**MOTION OF THE UNITED STATES TRUSTEE
TO REOPEN BANKRUPTCY CASE**

William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"), by and through his undersigned counsel, submits this motion (the "Motion") seeking entry of an order, pursuant to 11 U.S.C. § 350 and Federal Rule of Bankruptcy Procedure 5010, reopening the Debtor's bankruptcy case so that 1) a chapter 7 trustee can be appointed to potentially administer assets and 2) the United States Trustee can conduct and investigation to determine whether a complaint seeking to revoke the Debtor's discharge pursuant to 11 U.S.C § 727(d). In support of the Motion, the United States Trustee respectfully alleges as follows:

**I. BACKGROUND**

1. On November 20, 2014 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code. See ECF No. 1.

2. David J. Doyaga (the "Trustee") was appointed chapter 7 trustee of the Debtor's estate.

3. By Order dated June 10, 2015, the Debtor was granted a discharge under 11 U.S.C § 727, the Trustee was discharged as chapter 7 trustee, and the Debtor's case was closed. See ECF No. 28.

4. In late December 2015, the Trustee received several emails (the "Kinetics Emails") from creditor Kinetics Industries, alleging that the Debtor failed to disclose certain

assets in his bankruptcy petition and schedules or during the Trustee's initial investigation of the case. Declaration in Support of Motion of William E. Curtin (the "Curtin Decl."), dated January 22, 2016, ¶ 5.

5. On December 29, 2015, the Trustee forwarded the Kinetics Emails to the United States Trustee. See Curtin Decl., ¶ 6.

6. Based upon the Kinetics Emails, the United States Trustee determined to seek an order reopening the Debtor's case to allow further investigation by the United States Trustee and the Trustee. See Curtin Decl., ¶ 6.

## II. ARGUMENT

**Cause Exists to Reopen This Case**

Section 350(b) of the Bankruptcy Code provides that, "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). Under Bankruptcy Rule 5010, "[a] case may be reopened on motion of the debtor or other party in interest." Fed. R. Bankr. P. 5010. Section 350(b) permits reopening only of those cases that were properly closed under Section 350(a). See In re Olejnik, No. 09–76714, 2011 WL 4366183 (Bankr. E.D.N.Y. Oct. 28, 2011); see also In re Wassah, 417 B.R. 175, 182 (Bankr. E.D.N.Y.2009). A bankruptcy judge has broad decision to grant or deny a motion to reopen a case pursuant to Section 350(b). See In re Smith, 645 F.3d. 186, 189 (2d Cir. 2011); Sims v. Blot, 534 F .3d 117, 132 (2d Cir. 2008).

"Cause" exists in this case as there are potentially assets to be administered by the Trustee. See In re Fuller, 146 B.R. 633, 637 (Bankr. S.D.N.Y. 1992) ("A case which was closed may be reopened in the same court to administer assets . . .") The Debtor's bankruptcy case

should be reopened so that a chapter 7 trustee can be appointed to investigate the allegations in the Kinetics Emails to determine if assets exist that can be liquidated for the benefit of creditors.

Further, Courts in this district have adopted a broad interpretation of the 'other cause' prong of the 11 U.S.C. § 350(b) requirements for reopening a case.  See, e.g.,  In re Moyette, 231 B.R. 494, 497 (E.D.N.Y. 1999) ("While the Code does not define 'other cause' for purposes of reopening a case under section 350(b), the decision to reopen or not is discretionary with the court, which may consider numerous factors including equitable concerns, and ought to emphasize substance over technical considerations."). Accordingly, the Debtor's bankruptcy case should be reopened for the additional purpose of allowing the United States Trustee to investigate the allegations in the Kinetics Emails to determine if grounds exist to seek to revke the Debtor's discharge pursuant to 11 U.S.C § 727(d). .

**Appointment of a Chapter 7 Trustee is Required**

Under Federal Rule of Bankruptcy Procedure 5010, a trustee "shall not be appointed by the United States trustee unless the court determines that a trustee is necessary to protect the interests of creditors and the debtor or to insure efficient administration of the estate." Fed. R. Bankr. P. 5010.  As there are potential assets to be administered in this case, the Court should direct that the United States Trustee appoint a chapter 7 trustee "to protect the interests of creditors" and "insure the efficient administration of the case." Id.

WHEREFORE, the United States Trustee requests entry of an order, substantially in the form annexed hereto, 1) reopening this bankruptcy case, 2) directing that the United States Trustee appoint a chapter 7 trustee and 3) granting other and further relief as the Court may deem just and proper.

Dated: New York, New York
January 22, 2016

Respectfully submitted,

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE, REGION 2

By: */s/ William E. Curtin*
William E. Curtin (WC-1974)
Trial Attorney
201 Varick Street, Suite 1006
New York, New York 10014
Tel. No. (212) 510-0553
william.e.curtin@usdoj.gov